## FUJIMOTO TRADING CO. v. UNITED STATES

No. 5320.—Invoice dated Osaka, Japan, February 25, 1939.
Certified February 27, 1939.
Entered at Hilo, T. H., March 20, 1939.
Entry No. A-208.

(Decided June 18, 1941)

*Lawrence & Tuttle (George R. Tuttle* and *Charles F. Lawrence* of counsel) for the plaintiff.

*Charles D. Lawrence,* Acting Assistant Attorney General (*Richard H. Welsh* and *Daniel I. Auster,* special attorneys), for the defendant.

TILSON, Judge: This appeal, as filed, involved the proper dutiable value of persimmon sap and soya-bean oil from Japan, but the appeal has been abandoned as to the persimmon sap. The soya-bean oil consists of three lots, according to the invoice, to wit: cases #506/25, #526/45, and #546/70. Cases 506/25 were invoiced and entered at 16.34 yen per case, cases #526/45 were invoiced and entered at 25.26 yen per case, and cases #546/70 were invoiced and entered at 27.29 yen. The three lots were appraised on the basis of export value at 17.70 yen, 27.04 yen, and 29.07 yen per case, respectively.

The only evidence in the case is an affidavit offered by counsel for the plaintiff, which, after setting forth therein the invoiced and entered values above set out, states:

* * * that the above prices were true and correct market prices in wholesale quantities at the time of the acceptance of the order above mentioned, and

that the prices were the same whether the oil were sold for home consumption or for export to the United States; * * *.

The above affidavit refers to and covers a sale of the merchandise now before the court. The affidavit also refers to "correct market prices in wholesale quantities," but no reference is made therein to "usual wholesale quantities," nor is there anything in said affidavit to indicate that the said sale was made in the ordinary course of trade, or that it was consummated in the principal market of the country from which the merchandise was exported. In these respects the affidavit appears to fall short of establishing a *prima facie* case for the plaintiff.

Counsel for the defendant in his brief filed herein cites as supporting his position the case of *United States* v. *Manahan Chemical Co.,* 24 C. C. P. A. 53. In that case counsel for appellant contended that the prices stated in the invoices constituted substantial evidence as to the dutiable value of the merchandise. In the instant case it so happens that the invoice prices and the prices shown in the affidavit are identical, but counsel for the plaintiff in this case relies on the affidavit and not the invoice prices as supporting his contention. Therefore, the *Manahan* case, *supra,* is not in point in this case.

Counsel for the plaintiff in his brief filed herein contends, since the sale referred to in the affidavit was made only 12 days prior to the date of the instant invoice, that this is sufficient to establish a *prima facie* case. A free offer of merchandise such as or similar to that in this case, in the principal markets of the country from which exported, in the ordinary course of trade and in the usual wholesale quantities at the invoice prices, would be sufficient to make out a *prima facie* case, but, as heretofore stated, these facts are not contained in the affidavit.

On the record presented I find and hold the proper dutiable export values of the merchandise covered by this case to be the values found by the appraiser. Judgment will be rendered accordingly.